[Cite as *State v. Belt*, 2016-Ohio-8069.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                    :      JUDGES:
                                 :
                                 :      Hon. William B. Hoffman, P.J.
    Plaintiff-Appellee           :      Hon. John W. Wise, J.
                                 :      Hon. Patricia A. Delaney, J.
-vs-                             :
                                 :      Case No. CT2016-0012
                                 :
BARBARA J. BELT                  :
                                 :
                                 :
    Defendant-Appellant          :      O P I N I O N



CHARACTER OF PROCEEDING:                Appeal from the Muskingum County
                                        Court, Case No. CRB 1500657



JUDGMENT:                               AFFIRMED



DATE OF JUDGMENT ENTRY:                 November 30, 2016



APPEARANCES:

  For Plaintiff-Appellee:                 For Defendant-Appellant:

  D. MICHAEL HADDOX                        FREDERICK A. SEALOVER
  MUSKINGUM CO. PROSECUTOR                 45 N. Fourth St.
  GERALD V. ANDERSON II                    P.O. Box 2910
  27 North Fifth St., P.O. Box 189         Zanesville, OH 43702-2910
  Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Defendant-appellant Barbara J. Belt appeals from the January 19 and February 1, 2016 judgment entries of the Muskingum County Court. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and Lawrence "Marty" Tobias are neighbors in a Zanesville trailer court. Marty's wife, Lisa, is the aunt of appellant's daughter-in-law, Lindsey Richards. Kenneth Richards is appellant's son and Lindsey's husband. Kenneth and Lindsey admittedly struggle with substance abuse and homelessness. Prior to August 2015, the pair were frequent visitors to the trailers of appellant and the Tobiases.

{¶3} On August 3, 2015, appellant and Kenneth argued inside appellant's trailer because Kenneth wanted her to give him a coin collection. Kenneth left and went next door to the Tobiases' trailer. Marty and Lisa were inside the trailer when he arrived, and as the evening progressed, Kenneth and Lindsey came and went between the neighboring trailers.

{¶4} According to the Tobiases, appellant came to their trailer three times after her initial argument with Kenneth. The first time, Lisa and/or Lindsey let her in to talk to Kenneth; the two argued and appellant left voluntarily. Appellant then came back a second time and argued again with Kenneth. Children were allegedly present during some of the argument. This time, Marty told appellant to leave and not come back because she was using profanity. Marty escorted appellant out the door and locked it behind her. Both Tobiases testified that a short time later, they heard a "snap" or a "pop" and observed appellant force open the door and come in for a third time. Marty argued

with appellant; she again swore at him; and he threatened to call the sheriff. Appellant left, slamming the door so hard that knickknacks fell off a shelf. The Tobiases said the door and the knickknacks were damaged.

{¶5} Deputy Spawn of the Muskingum County Sheriff's Department testified on behalf of appellee. He was called to the scene of the criminal trespass and spoke to the Tobiases. He observed "minimal" damage to the door consistent with the door being forced or slammed. Spawn testified the Tobiases told him appellant came to their trailer twice; they did not tell him about damaged knickknacks; and no one told him the Tobiases have surveillance cameras. (The surveillance cameras ultimately played no role at trial.)

{¶6} Kenneth and Lindsey Richards testified on behalf of appellant; both admitted they were high on Xanax the day of the incident and could recall only "bits and pieces" of the day's events. They said appellant did not damage the door of the Tobiases' trailer.

{¶7} Appellant testified on her own behalf and said she came to the neighbors' trailer only once that day and left voluntarily. She denied entering uninvited and denied damaging the door.

{¶8} Appellant was charged by criminal complaint with one count of criminal trespass pursuant to R.C. 2911.21(A)(1), a misdemeanor of the fourth degree [Count I] and one count of criminal damaging pursuant to R.C. 2909.06(A)(1), a misdemeanor of the second degree [Count II]. Appellant entered pleas of not guilty and the matter proceeded to bench trial. Appellant was found guilty as charged and sentencing was deferred pending a restitution hearing. At the subsequent hearing, Marty Tobias testified he had to replace the entire inner door, screen door, and door frame of the trailer at a

cost of over $1600. Marty requested restitution in the amount of $529, which represented his out-of-pocket expenses including an insurance deductible and the cost of some "trim." The trial court imposed a jail term of 7 days and suspended the balance on the conditions that, e.g., appellant pay restitution in the amount of $529.58 and have no criminal offenses for a period of two years.

{¶9} Appellant now appeals from the judgment entries of conviction and sentence of the Muskingum County Court.

{¶10} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I. THE TRIAL COURT ERRED BY FINDING THE DEFENDANT-APPELLANT GUILTY AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶12} "II. THE TRIAL COURT ERRED BY IMPOSING UPON THE DEFENDANT-APPELLANT A MAXIMUM INDIRECT JAIL SENTENCE, CONTRARY TO LAW."

**ANALYSIS**

I.

{¶13} In her first assignment of error, appellant argues her convictions upon one count of criminal trespass and one count of criminal damaging are against the manifest weight and sufficiency of the evidence. We disagree.

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio

St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." Id*.*

{¶16} Appellant was found guilty of trespassing in the Tobiases' trailer and damaging their door. R.C. 2911.21(A)(1), criminal trespass, states, "No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another." R.C. 2909.06(A)(1), criminal damaging, states, "No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent [k]nowingly, by any means."

{¶17} Appellant argues the evidence is insufficient to support her convictions and the trial court lost its way in considering the evidence because the witnesses' testimony is inconsistent. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. The factfinder, in this case the trial court, was free to accept or reject any and all of the evidence offered by the parties and assess the witnesses' credibility. "While the [factfinder] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. McGregor*, 5th Dist. Ashland No. 15-COA-023, 2016-Ohio-3082, ¶ 10, citing *State v. Craig*, 10th Dist. Franklin No. 99AP–739 (Mar. 23, 2000). Indeed, the factfinder need not believe all of a witness' testimony, but may accept only portions of it as true. Id.

{¶18} Our review of the entire record reveals no significant inconsistencies or other conflicts in appellee's evidence that would demonstrate a lack of credibility of appellee's witnesses. Although the Tobiases were inconsistent in some of the details, appellee's theory that appellant entered the neighbors' trailer uninvited and damaged the door was corroborated by the deputy's testimony of his immediate observations of the scene and the witnesses.

{¶19} Appellant also argues she may not have had the requisite intent of "knowingly" in regard to Count II, criminal damaging, and she may have negligently or recklessly damaged the trailer door. Appellant apparently concedes damaging the door, although she claims not to have done so intentionally. Appellee's evidence showed

appellant may have damaged the door when she forced her way in or when she slammed it on her way out. R.C. 2901.22(B) defines "knowingly" as follows:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶20} The Tobiases' testimony, corroborated by the deputy's observation of damage to the door, establishes sufficient evidence appellant acted knowingly. Appellant's witnesses, and her own testimony, further confirmed the chaos and fighting that day. The trial court could reasonably find appellant acted knowingly. In a bench trial, the court is presumed to know the law and properly apply it. *State v. Sarver*, 7th Dist. No. 05-CO-53, 2007-Ohio-601, ¶ 23. The trial court found appellant guilty from the bench immediately after trial and specifically noted it did not find appellant credible, nor her witnesses Kenneth and Lindsey Richards. The trial court did find the Tobiases' testimony credible. We have reviewed the record and find appellant's convictions are supported by sufficient evidence.

{¶21} We further find the trial court did not clearly lose its way and create a manifest miscarriage of justice requiring that appellant's convictions be reversed and a

new trial ordered. Appellant's convictions are not against the manifest weight of the evidence.

{¶22} Appellant's first assignment of error is overruled.

II.

{¶23} In her second assignment of error, appellant argues the trial court erred in sentencing her to a "maximum indirect jail term." We disagree.

{¶24} Appellant was convicted upon a misdemeanor of the fourth degree in Count I, criminal trespass, for which the maximum jail term is 30 days. R.C. 2929.24(A)(4). She was also convicted upon a misdemeanor of the second degree in Count II, criminal damaging, in which the maximum jail term is 90 days. R.C. 2929.24(A)(2). The trial court sentenced appellant to a jail term of 7 days with the balance of 113 suspended on conditions. The sentences imposed in the instant case are thus within the statutory ranges for a misdemeanors of the second and fourth degrees.

{¶25} Misdemeanor sentences are reviewed for an abuse of discretion. *State v. Thadur*, 5th Dist. Ashland No. 15 COA 018, 2016-Ohio-417, ¶ 11, appeal not allowed, 145 Ohio St.3d 1473, 2016-Ohio-3028, 49 N.E.3d 1314. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶26} When sentencing for a misdemeanor offense, a trial court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A); *State v. Collins,* 2nd Dist. Greene No. 2012-CA-2, 2012-Ohio-4969, ¶ 9. "To achieve those

purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." Id. The sentence imposed must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B); *Collins* at ¶ 9.

{¶27} R.C. 2929.22 states in pertinent part as follows:

(A) Unless a mandatory jail term is required to be imposed * * * a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to 2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. The court shall not impose a sentence

that imposes an unnecessary burden on local government resources.

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

\* \* \* \*.

{¶28} R.C. 2929.21(A) states that "[a] court that sentences an offender for a misdemeanor \* \* \* shall be guided by the overriding purposes of misdemeanor sentencing. \* \* \*." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. Id. In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." Id*.; State v. Coleman,* 4th Dist. Scioto No. 05CA3037, 2006-Ohio-3200, 2006 WL 1719348, ¶ 21. In the instant case, the trial court suspended the balance of the jail term on a number of conditions, including payment of restitution in the substantial amount of $529.58. The trial court did not impose a fine to enable appellant to pay the restitution.

{¶29} Appellant argues the sentence is too harsh because she did not commit the worst form of the offense pursuant to R.C. 2929.22(C), which states:

> **Before imposing a jail term** as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime. (Emphasis added.)

{¶30} At the conclusion of the trial, it is evident from the record the trial court was unimpressed with the testimony of appellant, her son, and her daughter-in-law. At sentencing, it is evident the trial court took issue with appellant's lack of remorse. There is no requirement that a trial court specifically state its reasons on the record in sentencing on misdemeanor offenses. *State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046, 2005 WL 567319, ¶ 20. Even where a record is silent, we must presume the trial court considered the proper factors enumerated in R.C. 2929.22. *State v. Kandel,* 5th Dist. Ashland No. 04COA011, 2004-Ohio-6987, 2004 WL 2955228, ¶ 25. In the instant case, however, the trial court stated the sentence was premised upon appellant's lack of remorse, her failure to accept responsibility for her actions, and her record of two prior

theft offenses. (The trial court did note the theft offenses occurred in 1984 and took appellant's lack of criminal record in the meantime into account.)

{¶31} We find the trial court properly considered the factors of R.C. 2929.22 and did not abuse its discretion in imposing a jail term of 7 days and suspending the balance.

{¶32} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶33} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court is affirmed.

By: Delaney, J. and

Wise, J., concur;

Hoffman, P.J., concurs in part
and dissents in part.

*Hoffman, P.J., concurring in part and dissenting in part.*

{¶34} I concur in the majority's analysis and disposition of Appellant's first assignment of error.

{¶35} I respectfully dissent from part of the majority's decision in Appellant's second assignment of error. While Appellant's lack of remorse and her failure to accept responsibility for her actions are appropriate considerations in sentencing, they have little bearing, if any, on the issue of whether Appellant committed the "worst form" of the offense. While it is arguable Appellant committed the worst form of the offense of criminal trespass in light of the clear directive given by Mr. Tobias not to return, I find the facts surrounding the "minimal" damage to the door consistent with it being forced or slammed and the seemingly unintentional damage to the knick knacks insufficient to constitute the worst form of the offense of criminal damaging.[1]

_____
HON. WILLIAM B. HOFFMAN

---

[1] While Appellant had a prior record of committing two theft offenses in 1984, the trial court seemed to discount them taking Appellant's lack of a criminal record [for over 30 years] into account. Accordingly, I conclude the trial court did not consider Appellant's conduct and response to prior sanctions for prior offenses demonstrated the need to impose the maximum sentence. Nor would I.