[Cite as *State v. Ecenbarger*, 2017-Ohio-165.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

JOHN FOSTER ECENBARGER

      Defendant-Appellant

JUDGES:
Hon. Sheila G. Farmer, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2016 CA 00133

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Massillon Municipal Court, Case No. 2015 CRB 02124 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 17, 2017 |


APPEARANCES:

For Plaintiff-Appellee

BETH LIGGETT
ASSISTANT PROSECUTOR
City of Massillon Law Dept.
2 James Duncan Plaza
Massillon, Ohio 44646

For Defendant-Appellant

DONALD GALLICK
THE LAW OFFICE OF
DONALD GALLICK LLC
190 North Union Street, #102
Akron, Ohio 44304

*Wise, J.*

**{¶1}** Appellant John Foster Ecenbarger appeals his conviction and sentence entered in the Massillon Municipal Court on one count of misdemeanor assault following a jury trial.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS</u>

**{¶3}** On September 21, 2015, the City of Massillon charged Appellant John Foster Ecenbarger with one count of assault, a first-degree misdemeanor. This charge arose out of an altercation between Appellant Ecenbarger and his neighbor Scott Hill. The relevant facts are as follows:

**{¶4}** Hill was building a home at 1071 Manchester Ave., SW, adjacent to the Appellant. (T. at 19). Prior to this incident he had never met his neighbor, the Appellant, and did not know him. (T. at 19). Hill had a drainage pipe solely on his property that did not reach Appellant's property. (T. at 22). On the date in question, Hill heard Appellant mowing that area and observed that his drainage pipe had been moved. (T. at 22). Hill went outside and repositioned the drainage pipe to where the contractor had placed it. (T. at 24, 38). Appellant then came down the hill on his mower, jumped off, grabbed the pipe, pulled it off of the duct tape and struck Hill in the head with it. (T. at 24). Appellant then threw the pipe at Hill and came at him with his fists clenched. (T. at 24). Hill kept backing up while telling Appellant to get off his property. (T. at 24). Hill then tripped over a piece of plywood and fell backward. (T. at 24). Appellant was then on top of Hill punching and kicking him. (T. at 24). Hill defended himself by hitting Appellant in the face while Appellant was assaulting him. (T. at 24, 28, 34). Hill grabbed Appellant's shirt to keep from taking

full punches. (T. at 24). A neighbor and Hill's wife intervened and ended the fight. (T. 25). During this incident, Hill never went on Appellant's property and never made any threats to him. (T. at 34).

{¶5} Hill sustained lumps all over the back of his head, a bruise to his chest, and injuries on his back from where he was kicked. (T. at 29). Hill saw his doctor three days after the incident due to having chest pain from being hit so hard. (T. at 31). Photographs and medical records corroborated Hill's testimony. (T. at 31).

{¶6} Joan Schaefer, a neighbor of both the Appellant and victim, Scott Hill, testified. (T. at 4). Schaefer indicated that she was looking out her glass storm door and she saw Appellant stop mowing his yard, get off of his lawn mower, pick up a black pipe and swing it, hitting Hill and then pushing Hill. (T. at 9-10, 15). She stated that Appellant acted aggressively when he moved the pipe, "... the way he picked up the pipe and threw it." (T. at 11). Schaefer testified that Hill did not make any aggressive movements towards Appellant. (T. at 10).

{¶7} Appellant was arrested for one count of Assault against Hill.

{¶8} On September 18, 2015, the Stark County Sheriff Department arrested and charged Appellant with one count of Assault against victim Scott Hill. Appellant entered a not guilty plea. The parties attempted to mediate the case, but such mediation was unsuccessful.

{¶9} The matter was set for a jury trial in Massillon Municipal Court.

{¶10} At trial, the prosecution called several witnesses in the case, including the alleged victim, Scott Hill, and a neighbor/independent witness named Joan Schaefer

whose testimony is set forth above. The prosecution also called a Stark County Sheriff deputy to testify.

{¶11} Appellant also testified in his own defense.

{¶12} After considering all of the evidence, the jury convicted Appellant on the one count of Assault. The matter was scheduled for a sentencing hearing. The Court made certain findings on the record and sentenced Appellant to a jail term of 30 days, imposed a fine, court costs and psychological counseling sessions.

{¶13} Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶14} "I. APPELLANT SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE WAS NOT ASSERTED AND A CRIMINAL RULE 29 MOTION WAS NOT MADE.

{¶15} "II. THE TRIAL COURT'S MISDEMEANOR SENTENCE WAS AN ABUSE OF DISCRETION AND RETALIATION FOR NOT RESOLVING THE CASE PRIOR TO TRIAL."

**I.**

{¶16} In his First Assignment of Error, Appellant argues that he was denied the effective assistance of counsel. We disagree.

{¶17} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble,* 122 Ohio St.3d 297, 2009–Ohio–2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a

convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland* at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. *Id.* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶18} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. *State v. Bell,* 8th Dist. Cuyahoga No. 102141, 2015–Ohio–4178, ¶ 60, citing *State v. Bradley,* 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

{¶19} In the case *sub judice*, Appellant argues that his trial counsel was ineffective for 1) failing to strongly assert a self-defense argument, and 2) failing to make a Crim.R. 29 motion to preserve the issue of sufficiency of the evidence.

{¶20} Initially we note that Appellant has only provided this Court with a partial transcript.

**"(B) The transcript of proceedings; duty of appellant to order;**

**notice to appellee if partial transcript is ordered**

At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. The reporter

is the person appointed by the court to transcribe the proceedings for the

trial court whether by stenographic, phonogramic, or photographic means,

by the use of audio electronic recording devices, or by the use of video

recording systems. If there is no officially appointed reporter, App.R. 9(C)

or 9(D) may be utilized. If the appellant intends to urge on appeal that a

finding or conclusion is unsupported by the evidence or is contrary to the

weight of the evidence, the appellant shall include in the record a transcript

of all evidence relevant to the findings or conclusion.

{¶21} Appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197; *State v. Prince* (1991), 71 Ohio App.3d 694. An appellate court can reach its decision only upon facts which are adduced in the trial court's proceeding and cannot base its decision on allegations founded upon facts from outside of the record. *Merillat v. Fulton Cty. Bd. Of Commrs.* (1991), 73 Ohio App.3d 459.

{¶22} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp*, *supra*.

### *Self-Defense*

{¶23} To establish the legal defense of self-defense in Ohio, the following elements must be shown: (1) The defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger

was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid the danger. *State v. Jones,* Stark App.Nos. 2007–CA–00041, 2007–CA–00077, 2008–Ohio–1068, ¶ 32, citing *State v. Robbins* (1979), 58 Ohio St.2d 74, 388 N.E.2d 755, paragraph two of the syllabus. If the defendant fails to prove any one of these elements by a preponderance of the evidence, then the defendant has failed to demonstrate that he acted in self-defense. *State v. Cassano* (1996), Ohio St.3d 94, 107.

<u>Crim.R. 29</u>

**{¶24}** An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. *State v. Larry,* 5th Dist. Holmes No. 15CA011, 2016–Ohio–829, ¶ 20 citing *State v. Carter,* 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 1995–Ohio–104.

**{¶25}** The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of Appellant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *See State v. Dowdle,* 5th Dist. Stark No. 2015CA00119, 2016–Ohio–485, ¶ 16.

**{¶26}** Here, Appellant has only provided this Court with a partial transcript which includes only the testimony of two witnesses: Scott Hill and Joan Schaefer.

**{¶27}** As Appellant has failed to include those portions of the transcript that include Appellant's testimony as to what transpired or the officer's testimony as to his investigation, we find that Appellant cannot meet his burden as to his claim that his counsel was ineffective for failing to more strongly argue self-defense.

**{¶28}** As to counsel's alleged failure to raise a Crim.R. 29 motion, we again find that without a complete transcript including that portion of the record where a Crim.R. 29 motion would be made, Appellant cannot show that his trial counsel was ineffective for failing to raise same.

**{¶29}** We further find, even with only a partial transcript, the testimony of the independent witness Joan Schaefer supports the conviction in this matter.

**{¶30}** Upon review of the partial transcript and the testimony as set forth above, we find Appellant's First Assignment of Error not well-taken and overrule same.

**II.**

**{¶31}** In his Second Assignment of Error, appellant argues that the trial court abused its discretion in imposing the sentence in this matter. We disagree.

**{¶32}** Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Smith,* 9th Dist. Wayne No. 05CA0006, 2006–Ohio–1558, ¶ 21, citing *State v. Pass,* 6th Dist. Lucas No. L–92–017, 1992 WL 386011. *See, also, State v. Chadwick,* 5th Dist. Knox No. 08CA15, 2009–Ohio–2472, ¶ 30. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). Furthermore, there is no requirement that a

trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005–Ohio–1046, ¶ 20.

**{¶33}** R.C. §2929.21(A) states that "[a] court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing. * * *." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.; State v. Coleman,* 4th Dist. Scioto No. 05CA3037, 2006–Ohio–3200, ¶ 21. In addition, R.C. 2929.21(B) states in pertinent part as follows: "A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

**{¶34}** R.C. §2929.22 governs sentencing on misdemeanors and states as follows:

**{¶35}** (B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

**{¶36}** (a) The nature and circumstances of the offense or offenses;

**{¶37}** (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the

offender's character and condition reveal a substantial risk that the offender will commit another offense;

**{¶38}** (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

**{¶39}** (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

**{¶40}** (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

**{¶41}** (f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

**{¶42}** (g) The offender's military service record.

**{¶43}** (2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶44}** (C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27,

and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.

**{¶45}** Appellant herein cites this Court to the following statement made by the trial court:

**{¶46}** "You put yourself in the position you are in now, it's unfortunate because the Court did everything it could to try and resolve this matter, okay, and it just didn't work." (T. at 53).

**{¶47}** Appellant argues that his sentence imposed upon him was a result of retaliation for not accepting a plea deal and choosing to go to trial.

**{¶48}** Upon review, we find no support that Appellant's sentence was the result of retaliation. The maximum allowable sentence for a first-degree misdemeanor is 180 days. Here, Appellant was only sentenced to 30 days in jail.

**{¶49}** With regard to the aforesaid statutory "overriding purposes" of misdemeanor sentencing, the record before us demonstrates that the sentence was designed to punish the Appellant. The trial court found that Appellant was not forthcoming about his prior criminal convictions. (T. at 51). "You don't lie in Court ... your prior convictions which you forgot about ... resisting arrest, disorderly conduct and domestic violence, those aren't things you forget, okay, and you testified right from here that you forgot about them. You were given 15 days ... it turned out the 15 days were house arrest ... Back in 2000 you were convicted of obstructing official business ... all those things you

forgot about and you said that you never were charged with anything, never had any crime in your life. You didn't forget, you just didn't tell the truth." (T. at 51). The trial court also noted the long-standing problems caused in the neighborhood by this offense. (T. at 9). Additionally, the trial court considered the statements from victim advocate Ms. Jones that Appellant was not taking responsibility for his actions and was blaming the victim for what happened. (T. at 50).

{¶50} Based upon the Court's sentence of jail time and psychological counseling, it appears that the trial court considered the overriding purposes by considering the offender's conduct, and the impact of his conduct on the victim.

{¶51} Based on the foregoing, we find that the trial court did not abuse its discretion in sentencing Appellant. The trial court's decision was not arbitrary, unconscionable or unreasonable in view of the facts of Appellant's case.

{¶52} Appellant's Second Assignment of Error is overruled.

{¶53} For the reasons stated in the foregoing opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

JWW/d 0106