[Cite as *State v. Taylor*, 2018-Ohio-827.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0082 |
| RYAN L. TAYLOR | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court, Case No. CRB 1700786

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 2, 2018

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
BY: GERALD V. ANDERSON II
ASSISTANT PROSECUTOR
27 NORTH FIFTH ST.
BOX 189
ZANESVILLE, OH 43702-0189

For Defendant-Appellant

FREDERICK A. SEALOVER
45 N. FOURTH STREET
BOX 2910
ZANESVILLE, OH 43702

*Gwin, P.J.*

{¶1} Appellant Ryan L. Taylor appeals from his conviction in the Muskingum County Court on one count of petty theft. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On September 21, 2017, appellant was charged by criminal complaint with a violation of R.C. 2913.02(A), theft, a misdemeanor of the first degree. The complaint alleged appellant did, with purpose to deprive the owner, DJ's Drive-Thru, of property, two cases of beer, knowingly obtain or exert control over property without consent of DJ's; the property having a value less than $1,000.

{¶3} In the affidavit in support of probable cause for arrest, the deputy averred that on July 26, 2017, appellant and his friend went to DJ's Drive-Thru multiple times throughout the day. At 9:00 p.m. on that day, appellant stole two cases of beer and took off running. The deputy furthered averred that the clerk at the store identified appellant in a photo lineup as the individual who took the two cases of beer, that appellant's friend told officers he observed appellant running out of the back of the drive-through with two cases of beer, and that the officers caught appellant with cans of beer.

{¶4} Appellant appeared pro se at his arraignment on September 28, 2017. Appellant confirmed he understood the charge and the possible penalties; stated he understood his constitutional rights; stated he had no questions about his rights or his plea; and waived the explanation of circumstances read aloud. Appellant entered a plea of no contest to the theft charge, a misdemeanor of the first degree. The trial court reviewed the statement by the deputy, and found the facts sufficient for a guilty finding.

**{¶5}** The trial court proceeded to sentencing. Appellant stated he had nothing to say prior to sentencing. The trial court then reviewed appellant's criminal history, stating

It looks like you've got two hit-skips and leaving the scene of an accident; multiple driving under suspensions; a drug abuse charge in 2002; disorderly conduct in 2005; felony theft, 17 months, from 2006; theft conviction from 2007; a receiving stolen property, motor vehicle conviction, felony four, 2009; a robbery conviction, felony three, 2009; aggravated robbery reduced to a robbery in 2012; also in 2012, convictions for robbery, felony three's, another conviction for robbery on two counts in 2012.

**{¶6}** When the trial court asked appellant if there were two separate robberies in 2009, appellant responded, "Yes sir." The trial court stated, "given your record, Mr. Taylor, I'm going to sentence you to the maximum sentence of 180 days in jail." The trial court issued a sentencing entry on September 28, 2017.

**{¶7}** Appellant appeals and assigns the following as error:

**{¶8}** "I. THE TRIAL COURT ERRED BY IMPOSING UPON DEFENDANT-APPELLANT A MAXIMUM DIRECT JAIL SENTENCE, CONTRARY TO LAW."

**{¶9}** Appellant argues the trial court erred in sentencing him to a maximum jail term. We disagree.

**{¶10}** Appellant was convicted of a misdemeanor of the first degree, for which the maximum jail term is 180 days. R.C. 2929.24(A)(1). The sentence imposed in this case is thus within the statutory range for a misdemeanor of the first degree.

**{¶11}** Misdemeanor sentences are reviewed for an abuse of discretion. *State v. Thadur*, 5th Dist. Ashland No. 15 COA 018, 2016-Ohio-417, appeal not allowed, 145 Ohio

St.3d 1473, 2016-Ohio-3028, 49 N.E.3d 1314.  In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v.  Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12}  When sentencing for a misdemeanor offense, a trial court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender.  R.C. 2929.21(A); *State v. Belt*, 5th Dist. Muskingum No. CT2016-0012, 2016-Ohio-8069.  "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."  *Id.*  The sentence imposed must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶13}  With regard to the "overriding purposes" of misdemeanor sentencing, the record before us demonstrates the sentence was designed to punish appellant and, since appellant had been sanctioned multiple times before, the sentence was necessary to protect the public from future crime.  *State v. Ecenbarger*, 5th Dist. Stark No. 2016 CA 00133, 2017-Ohio-165.

{¶14}  R.C. 2929.22 governs sentencing on misdemeanors and states that, in determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

**{¶15}** (a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes, in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶16} R.C. 2929.22(B)(2) provides that, when determining the appropriate sentence for a misdemeanor, in addition to considering the factors listed above, "the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." Courts have consistently held that evidence of other crimes may be considered at sentencing. *State v. Cooey*, 46 Ohio St.3d 20, 544 N.E.2d 895 (1989).

{¶17} Appellant argues the sentence is too harsh because no reasonable observer could maintain the criminal activity attributed to appellant, the theft of two cases of beer, was the worst form of the offense pursuant to R.C. 2929.22(C). Further, that the longest jail term was not necessary to deter appellant from committing a future crime and he accepted prompt responsibility by pleading no contest. R.C. 2929.22(C) states,

> Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.

{¶18} While the statue provides a court may impose the longest jail term authorized on offenders who commit the "worst forms of the offense," the statute also provides, in the disjunctive from the "worst forms" language, that a court may impose the

longest jail term authorized upon offenders "whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." In this case the trial court did not base its determination of the maximum sentence based upon the "worst form" of the offense, but based its determination upon appellant's conduct and response to his prior criminal convictions and sanctions and the necessity to deter appellant from committing a future crime, given his lengthy criminal history dating back to 2002. This lengthy criminal history includes multiple convictions and sanctions for offenses similar to this offense, including previous convictions and sanctions for misdemeanor thefts and felony robberies.

{¶19} Appellant also contends the trial court erred because it did not seem to consider the sentencing factors in R.C. 2929.22(B). However, there is no requirement that a trial court specifically state its reasons on the record in sentencing on misdemeanor offenses. *State v. Belt*, 5th Dist. Muskingum No. CT2016-0012, 2016-Ohio-8069; *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046. Even where a record is silent, we must presume the trial court considered the proper factors enumerated in R.C. 2929.22. *State v. Belt*, 5th Dist. Muskingum No. CT2016-0012, 2016-Ohio-8069; *State v. Kandel*, 5th Dist. Ashland No. 04COA011, 2004-Ohio-6987.

{¶20} Further, the trial court stated its sentence was premised upon appellant's criminal record. The record establishes that appellant has multiple previous convictions, including theft convictions in 2006, 2007, and 2012, and robbery convictions in 2009 and 2012. Pursuant to R.C. 2929.22(B)(1), factors (b), (c), and (e) pertain to appellant's lengthy criminal record and the failure to indicate any steps towards rehabilitation.

Accordingly, we find the trial court sufficiently explained its reasons for imposing a maximum sentence in appellant's case. Because of appellant's prior history of similar offenses, appellant posed the greatest likelihood of re-offending. *State v. Avery*, 5th Dist. Stark No. 2004-CA-00010, 2004-Ohio-5226.

**{¶21}** We find the trial court did not act unreasonably, arbitrarily, or unconscionably, in imposing a jail term of 180 days and find the trial court did not violate appellant's rights under the U.S. Constitution.

**{¶22}** Appellant's assignment of error is overruled. The judgment of the Muskingum County Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur