**[Cite as *State v. Collins*, 2012-Ohio-4969.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-2 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CRB-1478 |
| v. | : | |
| | : | |
| JAMES E. COLLINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . . . .

RONALD LEWIS, Atty. Reg. #0061980, City of Xenia Prosecutor's Office, 101 North Detroit Street, Xenia, ohio 45385
      Attorney for Plaintiff-Appellee

CYNTHIA L. WESTWOOD, Atty. Reg. #0079435, 120 West Second Street, Suite 1504, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     James E. Collins was cited for aggravated menacing on August 11, 2011, for

threatening his neighbor, Robert Brakeall. Collins believed that Brakeall had cut limbs from some of Collins' trees and stacked them in an alley between their properties, without Collins' permission. There was a history of animosity between the neighbors, including prior convictions of Collins for menacing and a prior protection order against Collins, but that protection order was no longer in effect at the time of this incident.

{¶ 2} Collins pled no contest in the Xenia Municipal Court to the charge of aggravated menacing, a misdemeanor of the first degree. He was sentenced to 180 days, with credit for two days served. The remaining 178 days were suspended on the condition Collins would have no similar violations within six years and that he would successfully complete probation. Collins was also fined $250 and was placed on probation for up to two years. Collins appealed.

{¶ 3} On May 14, 2012, Collins' appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious issues for our review. In the *Anders* brief, counsel did identify two potential issues, which relate to the trial court's acceptance of Collins' plea and the sentence it imposed. But counsel indicated that, in her view, the trial court had complied with Crim.R. 11(D) in taking Collins' plea and with R.C. 2929.22 in imposing the sentence.

{¶ 4} We notified Collins that his counsel had filed an *Anders* brief and offered him time to file a pro se brief. He did not do so.

{¶ 5} The first potential assignment of error raised by counsel questions whether the trial court complied with Crim.R. 11(D) in accepting Collins' plea.

{¶ 6} Crim.R. 11(D) sets forth the procedure a trial judge must follow when accepting

a plea involving a serious misdemeanor: "In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. * * *" When reviewing non-constitutional requirements of Crim.R. 11, an appellate court uses a substantial compliance standard, meaning that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Knece*, 4th Dist. Pickaway No. 00CA017, 2001 WL 803018, *3 (Mar. 12, 2001).

{¶ 7} At the hearing, the trial court explained to Collins that, by entering his plea, he was waiving his right to a jury trial, and that he faced up to six months in jail and a fine of up to $1,000 dollars. The court also explained that aggravated menacing was "an enhanceable offense," which meant that Collins could face more serious charges in the future with this conviction on his record. The court explained that Collins' no contest plea could not "be used against [him] in a future criminal or civil litigation arising out of these same facts." The court also explained the effect of Collins' stipulation to facts in the citation and police report, which would support his conviction. Collins indicated that he understood the court's explanations and that he wanted to enter a no contest plea.

{¶ 8} The trial court personally addressed Collins, informed him of the effect of his plea, and determined that he understood the effect of the plea and wanted to enter it. Based on our review of the hearing transcript, we agree with counsel that this potential assignment of error does not have arguable merit.

{¶ 9} The second potential assignment of error raised by counsel relates to Collins' sentence. A sentencing court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The sentence imposed must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶ 10} A trial court is also required to consider the nature and circumstances of the offense, whether there was a history of persistent criminal activity or character that reveals a substantial risk of the offender committing another offense, and numerous other factors related to the offender and the offense. R.C. 2929.22(B). However, in misdemeanor sentencing, there is no requirement that a trial court specifically state its reasons for imposing the sentence that it does on the record. *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 16, citing *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046.

{¶ 11} Pursuant to R.C. 2929.24(A)(1) and R.C. 2929.28(A)(2)(i), a trial court may impose a sentence of up to one year in jail and a fine of up to $1,000 for a misdemeanor of the first degree. Collins' sentence was within this range. Although the trial court did not specify its reasons for imposing the sentence that it did, it was not required to do so. Moreover, we have held that, in the absence of a showing to the contrary, Ohio courts presume that the trial court

considered the factors set forth in R.C. 2929.21 and R.C. 2929.22 when the sentence is within the statutory range. *State v. Hall*, 2d Dist. Montgomery No. 24753, 2012-Ohio-1571, ¶ 18.   In this case, Collins' jail time was minimal, and the fine of $250 was significantly less than the potential fine he faced.   We see no basis to conclude that the trial court abused its discretion in imposing the sentence that it did.   We agree with counsel that this potential assignment of error does not have arguable merit.

{¶ 12}    Finally, we have independently reviewed the transcript and the record, as required by *Anders*.   We have found no non-frivolous issues for appeal.

{¶ 13}    The judgment of the Xenia Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Ronald Lewis
Cynthia L. Westwood
James Collins
Hon. Michael K. Murry