[Cite as *State v. Rush*, 2016-Ohio-4895.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-54 |
| | : | |
| v. | : | Trial Court Case No. TRC1503124A |
| | : | |
| MATTHEW J. RUSH | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2016.

. . . . . . . . . . .

BETSY DEEDS, Atty. Reg. No. 0076747, Prosecuting Attorney, City of Fairborn, 510 West Main Street, Fairborn, Ohio 45324
    Attorney for Plaintiff-Appellee

SCOTT A. ASHELMAN, Atty. Reg. No. 0074325, P.O. Box 752345, Dayton, Ohio 45475
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Matthew J. Rush, appeals from the conviction and sentence he received in the Fairborn Municipal Court after pleading guilty to one count of operating a vehicle while under the influence of drugs or alcohol (OVI). In proceeding with the appeal, Rush's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. After conducting a review as prescribed by *Anders*, we also find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

{¶ 2} On April 18, 2015, Rush was charged with two OVI counts, one in violation of R.C. 4511.19(A)(1)(a) and the other in violation R.C. 4511.19(A)(1)(d). He was also charged with operating a vehicle left of center in violation of R.C. 4511.25 and failure to wear a seatbelt in violation of R.C. 4513.263(B)(1). Rush initially pled not guilty to the charges, filed discovery requests, and then moved to preserve evidence of any video or audio tapes, which the trial court granted. After attending a pretrial hearing, Rush appeared at court on August 27, 2015, and entered a plea of guilty to the OVI charge under R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree. In exchange for his plea, the State agreed to dismiss the remaining charges. Rush had three prior OVI convictions dating back to 2006.

{¶ 3} Prior to Rush's guilty plea, the trial court engaged in a plea colloquy that complied with the requirements set forth for "petty offense" misdemeanors under Crim.R. 11(E). *See State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 13-14 (finding a first-degree misdemeanor OVI constituted a "petty offense" for

purposes of Crim.R. 11(E), and that under that rule, the trial court was only required to inform the defendant of the effect of his guilty plea, i.e., that his guilty plea was a complete admission of guilt).

{¶ 4} After accepting Rush's plea and finding him guilty, the trial court sentenced Rush to 180 days of jail with 100 days suspended on the condition that he not commit a similar violation within three years. As for the remaining 80 days, the trial court ordered Rush to serve 20 days in jail and 60 days on house arrest with an alcohol monitor and work release. The trial court also imposed a $450 fine, suspended Rush's driver's license for three years with driving privileges via an interlock device, and placed him on up to three years of supervised community control that included drug and alcohol treatment.

{¶ 5} On September 11, 2015, Rush filed a notice of appeal from his conviction and sentence and requested the appointment of appellate counsel. Following the appointment of counsel, on February 26, 2016, Rush's appellate counsel filed an *Anders* brief indicating that there were no issues with arguable merit to present on appeal. On March 3, 2016, we notified Rush that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Rush did not file a pro se brief.

{¶ 6} Our task in this case is to conduct an independent review of the record as prescribed by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In *Anders* cases, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous, and if it is, the court may "grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements,

or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id*.

{¶ 7} In conducting our independent review, Rush's appellate counsel has requested that we consider the following potential assignment of error:

APPELLANT'S SENTENCE WAS SO HARSH AND ARBITRARY AS TO CONSTITUTE AN ABUSE OF DISCRETION BY THE TRIAL COURT.

{¶ 8} We apply an abuse of discretion standard of review to a suggestion that misdemeanor sentences are excessive. *State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 18 (2d Dist.), citing *State v. Peagler*, 2d Dist. Montgomery No. 24426, 2012-Ohio-737, ¶ 3. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in

decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

**{¶ 9}** When sentencing for a misdemeanor offense, a trial court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A); *State v. Collins*, 2d Dist. Greene No. 2012-CA-2, 2012-Ohio-4969, ¶ 9. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.* The sentence imposed must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B); *Collins* at ¶ 9.

**{¶ 10}** "A trial court is also required to consider the nature and circumstances of the offense, whether there was a history of persistent criminal activity or character that reveals a substantial risk of the offender committing another offense, and numerous other factors related to the offender and the offense." *Collins* at ¶ 10, citing R.C. 2929.22(B). "However, in misdemeanor sentencing, there is no requirement that a trial court specifically state the reasons for its sentence on the record." (Citations omitted) *Id.* "If the sentence imposed is within permissible statutory limits, a reviewing court will presume that the trial court considered the sentencing factors in R.C. 2929.22(B), absent a showing

to the contrary." (Citation omitted.) *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 9 (2d Dist.).

{¶ 11} In this case, Rush's sentence is within the permissible statutory limits provided for in R.C. 4511.19(G)(1)(a) and R.C. 2929.25(A). We note that while Rush has three prior OVI convictions, the statutory "look back" period for determining the appropriate penalty is six years, and none of Rush's prior convictions were within six years of the instant OVI offense. Therefore, the trial court properly considered the instant OVI offense as the first OVI within six years, and imposed penalties within the limits prescribed under R.C. 4511.19(G)(1)(a).

{¶ 12} Although the trial court did not specify its reasons for imposing the sentence that it did, in light of the record, we cannot say the sentence was an abuse of discretion. The record indicates that Rush has three prior OVI convictions that involved collisions and an ongoing struggle with addiction. The record further indicates that at the time of the OVI offense at issue, Rush had a blood-alcohol concentration of .167, which is twice the legal limit. Based on these facts, we agree with counsel that the potential assignment of error claiming an abuse of discretion at sentencing lacks arguable merit.

{¶ 13} Having independently reviewed the record as required by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we have found no non-frivolous issues for appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Betsy Deeds
Scott A. Ashelman
Matthew J. Rush
Hon. Beth W. Root