[Cite as *State v. Redavide*, 2016-Ohio-7804.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26929 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-3731 |
| | : | |
| JOSHUA M. REDAVIDE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

RICHARD HEMPFLING, Atty. Reg. No. 0029986, Flanagan Lieberman Hoffman & Swaim, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Joshua M. Redavide appeals from the trial court's denial of his R.C. 2953.21

petition for post-conviction relief.

{¶ 2} Redavide advances two assignments of error. First, he contends the trial court erred in applying the Crim.R. 32.1 manifest-injustice standard applicable to post-sentence plea-withdrawal motions. Second, he claims the trial court's denial of his petition after a hearing is against the weight of the evidence and is an abuse of discretion.

{¶ 3} The record reflects that Redavide was indicted on one count of involuntary manslaughter. The case proceeded to trial, where the State presented evidence that he had participated in a fight that resulted in the death of one victim. On the third day of trial, Redavide informed the trial court that he wanted to enter a no-contest plea. The trial court proceeded to conduct a full Crim.R. 11 plea hearing, and Redavide signed a plea form. The trial court accepted the plea and found him guilty. At sentencing, the trial court imposed a nine-year prison term.

{¶ 4} On direct appeal, this court affirmed the trial court's judgment.[1] In so doing, we reviewed a transcript and a video of the plea hearing and rejected an assignment of error challenging the knowing, intelligent, and voluntary nature of Redavide's no-contest plea. *See State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, ¶ 8-22.

{¶ 5} While Redavide's direct appeal was pending, he filed an August 2014 petition for post-conviction relief pursuant to R.C. 2953.21. (Doc. #10). Therein, he sought to vacate his conviction and sentence on the basis that he did not enter a knowing, intelligent, and voluntary plea. Redavide supported the petition with his own affidavit in which he claimed his attorney had pressured him to plead no contest and had told him he

---

[1] Although we affirmed the judgment, we remanded the case to allow the trial court to correct a clerical error in its termination entry.

would receive a three-to-five year prison sentence if he pled and a statutory maximum sentence if he did not. He also suggested that his attorney was unprepared for trial. The State moved for summary judgment on the petition. (Doc. # 14). Redavide then supplemented his petition with an affidavit from his cousin, Emma Henderson, who stated that defense counsel had said the sentence would be "three to five years max" if Redavide pled and that he "definitely would get the maximum sentence" if he did not. (Doc. # 17). The State responded with an affidavit from Redavide's trial counsel, Griff Nowicki, who denied the allegations against him and insisted that he had been prepared for trial. Nowicki also averred that he had discussed the statutory sentencing range with Redavide and his family but had not assured them of any particular sentence and certainly not a maximum sentence of three to five years. (Doc. # 20).

{¶ 6} Upon review, the trial court found the State entitled to summary judgment with regard to defense counsel's alleged lack of preparation. The trial court found a genuine issue of material fact, however, with regard to whether defense counsel had pressured Redavide to plead or had assured him that he would receive no more than three to five years in prison if he pled. (Doc. # 31). The trial court proceeded to hold an August 26, 2015 evidentiary hearing on these issues.

{¶ 7} During the hearing, Redavide repeated his claim that defense counsel had pressured him to plead no contest and had told him he would receive a three-to-five year prison sentence if he pled and a maximum sentence if he did not. Henderson also testified at the hearing. She claimed defense counsel had said Redavide would receive "three to five years max" if he pled and 10 years if he did not. Redavide's final witness was another of his cousins, Martha Hawkins. She testified that she was present when Henderson

asked defense counsel what would happen if Redavide pled no contest. According to Hawkins, defense counsel responded that he would receive three to five years in prison. Hawkins could not recall what defense counsel said with regard to the sentence if Redavide did not plead no contest, but she recalled it being "a lot higher than three to five."

{¶ 8} The final witness at the hearing was defense counsel Nowicki. He testified that he became convinced during the course of trial that a plea would be in Redavide's best interest. He reached this conclusion after cross examining witnesses who testified about Redavide's involvement in the fight. Nowicki also explained that the State was preparing to present emotionally-charged testimony from the victim's family members, and he was concerned about the effect it might have on the trial court at sentencing. Nowicki denied telling Redavide he would receive a specific sentence if he pled. According to Nowicki, he spoke in terms of "possibilities and probabilities." Based on his experience and the way the trial was going, he told Redavide that the sentence was likely to be more harsh if the trial continued and less harsh if he entered a plea. Nowicki also discussed sentencing ranges and explained that a "low end" sentence would be three to five years in prison. He denied assuring Redavide of a three-to-five year sentence. He also denied telling Redavide that a maximum sentence would be imposed if the case proceeded through trial. Nowicki explained that he was "shooting for" a low-end sentence and "kind of had that expectation" but did not promise it. Instead, he told Redavide that he would do what he could to help obtain a low-end sentence.

{¶ 9} After hearing the evidence, the trial court filed an October 26, 2015 decision, order, and entry overruling Redavide's post-conviction relief petition. In relevant part, the

trial court reasoned:

> In review of the evidence presented at the hearing, in addition to the Rule 11 colloquy, the Court finds that the Petitioner has wholly failed to present credible evidence of an overborne will or a promised sentence made by his previous attorney, Mr. Nowicki
>
> First, the Court notes that none of the testimony deduced at the hearing suggested actions by Mr. Nowicki which would have overborne the will of the Petitioner. Petitioner testified that Mr. Nowicki had made decisions with which Petitioner did not agree and that his confidence in Mr. Nowicki's preparedness was dwindling. However, Petitioner did not address these concerns with Mr. Nowicki, nor did he attempt to tell the Court about his feelings should they have caused him to decide to plead. Despite Petitioner's feelings regarding Mr. Nowicki, at no point during his testimony did Petitioner testify that Mr. Nowicki cajoled, overtly exerted persuasion, or twisted the arm of Petitioner in an effort to get him to plead. Further, neither of the Petitioner's witnesses testified that Mr. Nowicki was persistent, intolerable, or overwhelming when discussing the possibility of pleading to the charges as indicated. Based on the testimony presented, the Court finds that the Petitioner's will was not overborne by his attorney.
>
> Second, the Court finds that no specific or general promise of a sentence was made which could reasonably have been relied upon by the Petitioner. The Court is reminded that Petitioner, during his plea, was specifically asked whether he was making a voluntary plea, whether any

threats or force was used to persuade the Petitioner to plead, and whether any promises were made to the Petitioner to plead. Petitioner unequivocally stated that his plea was voluntary, and neither threats/force nor promises were made. Petitioner admitted during his hearing testimony that he understood that he could have received up to eleven years for his sentence, and during his plea Petitioner told this Court that he understood he could be sentenced up to eleven years imprisonment. Petitioner argues that he did not understand the colloquy, and assumed that the Court's line of questioning did not include the alleged promise of three to five years sentence made by his attorney. The Court finds this argument not credible since Petitioner took the time to interrupt the Court on other issues regarding his plea that he did not understand, but he did not interrupt the Court to inquire as to the alleged promise of his attorney.

Further, Petitioner, Ms. Henderson, and Ms. Hawkins each testified regarding an alleged statement made by Mr. Nowicki after the second day of trial. Ms. Henderson testified that she was curious as to what would happen if Petitioner pled, to which she alleges Mr. Nowicki's answer was "three to five years max." However, none of the witness[es] testified that Mr. Nowicki *promised* three to five years upon the Petitioner's plea. Neither Ms. Henderson nor Ms. Hawkins were present for the continued discussions regarding the Petitioner's plea on the third day of trial, testimonial evidence which would have surely impacted the sentence of the Petitioner. Petitioner was present for these discussions, but did not testify that Mr. Nowicki

*promised* Petitioner a certain amount of years for pleading [no contest] at that point in trial. Based on Petitioner's failure to establish testimony of a promised sentence, the Court finds that manifest injustice has not occurred.

(Doc. # 36 at 10-11).

{¶ 10} In his first assignment of error, Redavide contends the trial court erred in applying a "manifest injustice" standard to his petition for post-conviction relief. He claims that standard is applicable to post-sentence plea-withdrawal motions under Crim.R. 32.1, not post-conviction relief petitions under R.C. 2953.21.

{¶ 11} Upon review, we agree with Redavide that the manifest-injustice standard did not apply here. As he notes, the standard applies to post-sentence plea-withdrawal motions under Crim.R. 32.1. *State v. Wheeler*, 2d Dist. Montgomery No. 18717, 2002 WL 91304, *1 (Jan. 25, 2002). In that context, "[a] 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *Id.*, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

> *Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief.* In 1996 the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C. 2953.23(A) requires. Since then, grounds formerly presented in support of

petitions for post-conviction relief are now more frequently employed to

support Crim.R. 32.1 motions, which are not subject to similar limitations.

*Nevertheless, the availability of R.C. 2953.21 relief on those same grounds*

*removes them from the form of extraordinary circumstance demonstrating*

*a manifest injustice which is required for Crim.R. 32.1 relief.*

(Emphasis added.) *Wheeler*, at *2, quoting *Hartzell.*[2]

**{¶ 12}** Because Redavide challenged the knowing, intelligent, and voluntary nature of his plea by relying on matters outside the record, and because he did so within the time required for seeking statutory post-conviction relief, we believe his petition, which invoked R.C. 2953.21, should be analyzed using the standards governing such petitions, not the manifest-injustice standard governing motions under Crim.R. 32.1. Despite this conclusion, we find no reversible error for at least two reasons. First, Redavide himself recited the manifest-injustice standard in his petition, arguing that " 'if a guilty plea is entered pursuant to counsel's representations * * * that such a plea would result in a lesser sentence than the sentence actually received, it is necessary to permit post-sentence withdrawal of the guilty plea in order to prevent manifest injustice.' " (Doc. # 10 at 5, quoting *State v. Collins*, 1st Dist. Hamilton No. C-970138, 1998 WL 57791 (Feb. 13, 1998)). An appellant cannot obtain reversal based on an error that he induced the trial court to make. *See, e.g.*, *State v. Carswell*, 9th Dist. Summit No. 23119, 2006-Ohio-5210, ¶ 20-21 (applying the invited-error doctrine where the appellant erroneously suggested the manifest-injustice standard in his motion and the trial court used that standard in its

---

[2] The time for filing a post-conviction relief petition has since been amended. It is now 365 days after the transcript is filed in the direct appeal or, if no appeal is filed, 365 days after the expiration of the time for filing an appeal.

ruling). Second, despite the trial court's reference to the absence of a manifest injustice, we are firmly convinced that the outcome below did not turn on the trial court's reference to that standard. Rather, resolution of the issue before the trial court turned on witness credibility and which of two competing versions of events the trial court believed. In that context, the trial court's reference to the manifest-injustice standard constituted, at most, harmless error which we view as the court's response to the petitioner's argument that he should be permitted to withdraw his plea to prevent a manifest injustice. Accordingly, the first assignment of error is overruled.

{¶ 13} In his second assignment of error, Redavide challenges the trial court's decision as being against the weight of the evidence and an abuse of discretion. He contends the trial court based its decision on factual errors rather than credibility determinations. First, he claims the trial court incorrectly stated that he never testified about defense counsel cajoling him, overtly exerting persuasion on him, or twisting his arm to get him to plead. Although he did not use those exact words, Redavide points out that he did testify about defense counsel "pushing" him to plead and "act[ing] like [he] had no choice." Second, he claims the trial court incorrectly stated that neither of his witnesses mentioned defense counsel being persistent, intolerable, or overwhelming when discussing a plea. Although no witness used those words, Redavide notes that Henderson testified about defense counsel being "very persistent" and "pushing the idea of him going ahead and pleading." Third, Redavide challenges the trial court's finding that none of his witnesses testified about defense counsel promising a three-to-five year sentence. Again, although his witnesses did not use the word "promise," he notes that he presented testimony about defense counsel saying he would receive "three to five years

max." He asserts that the trial court never expressed disbelief of this testimony, which implied a promise or guarantee of a three-to-five year sentence.

{¶ 14} We review a trial court's denial of post-conviction relief under R.C. 2953.21 for an abuse of discretion, and we will not disturb a ruling that is supported by competent, credible evidence. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 45. With this standard in mind, we find Redavide's arguments to be unpersuasive. We reject his assertion that the trial court made its decision based on factual errors rather than permissible credibility determinations. The record establishes that the trial court disbelieved Redavide's claims about defense counsel impermissibly pressuring him to plead no contest and assuring him of a three-to-five year sentence. Indeed, at the outset of its analysis, the trial court stated: "In review of the evidence presented at the hearing, in addition to the Rule 11 colloquy, the Court finds that the *Petitioner has wholly failed to present credible evidence* of an overborne will or a promised sentence made by his previous attorney, Mr. Nowicki." (Emphasis added.) (Doc. # 36 at 10).

{¶ 15} At another point in its ruling, the trial court stated: "Mr. Nowicki testified, *which the court found credible*, that he did not once make a promise about a certain sentence the Petitioner might receive from the judge, and advised during every plea discussion that the sentence would always be up to the judge." (Emphasis added.) (*Id.* at 7). This credibility determination by the trial court reasonably supports a conclusion that defense counsel did not *promise*, *guarantee*, or *assure* Redavide that he would receive any particular sentence. The trial court was not required to recite each of the foregoing words, which in the present context mean essentially the same thing. The trial court's credibility determination that defense counsel *did not* promise a particular sentence and

said the sentence would be up to the judge necessarily rendered *not credible* the defense witnesses' competing testimony that defense counsel said Redavide *would receive* a sentence of "three to five years max" if he pled. It is apparent to us that the trial court believed and credited defense counsel's testimony while disbelieving and not crediting the testimony presented by Redavide and his witnesses. As the trier of fact, the trial court had discretion to make these credibility determinations.

{¶ 16} In conclusion, we find competent, credible evidence to support the trial court's denial of Redavide's petition. The trial court's decision is neither against the weight of the evidence nor an abuse of discretion. Accordingly, the second assignment of error is overruled.

{¶ 17} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Richard Hempfling
Hon. Gregory F. Singer