[Cite as *State v. Martin*, 2017-Ohio-763.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-107 |
| | : | |
| v. | : | Trial Court Case No. 2015-TRC-530 |
| | : | |
| STEPHANIE MARTIN | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of March, 2017.

. . . . . . . . . . .

MARC ROSS, Atty. Reg. No. 0070446, Chief Prosecuting Attorney, City of Springfield, 50 East Columbia Street, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

SAMANTHA BERKHOFER, Atty. Reg. No. 0087370, P.O. Box 2693, Springfield, Ohio 45501
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Stephanie Martin, appeals from her conviction and sentence in the Clark County Municipal Court after pleading guilty to one count of operating a vehicle while intoxicated ("OVI"). In proceeding with the appeal, Martin's appointed counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there are no issues with arguable merit to present on appeal. After conducting a review as prescribed by *Anders*, we also find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On January 15, 2015, Martin was charged with an OVI in violation of R.C. 4511.19(A)(1)(a) and for failing to control her vehicle in violation of Section 331.34(a) of the Codified Ordinances of the City of Springfield, Ohio. The charges arose after Martin drove her vehicle into several parked cars while intoxicated. Because Martin's four-month-old child was with her in the vehicle, Martin was also charged with endangering children in separate Case No. 2015-CRB-271.

{¶ 3} Martin initially pled not guilty to the charges and was appointed a public defender. A jury trial was scheduled for May 27, 2015; however, at the final pretrial conference, Martin entered a plea agreement wherein she agreed to plead guilty to the OVI charge in exchange for the State dismissing the charges for failure to control and endangering children.

{¶ 4} Prior to accepting Martin's guilty plea, the trial court made all the required

advisements under Crim.R. 11(E).[1]  The court then advised Martin that her OVI offense carried a mandatory three-day jail term and possibility up to six months in jail, but that the mandatory three days in jail could be suspended if she completed a three-day drivers' intervention program.  *See* R.C. 4511.19(G)(1)(a)(i) (providing "the court may suspend the execution of the three-day jail term under this division if the court, in lieu of that suspended term, places the offender under a community control sanction pursuant to section 2929.25 of the Revised Code and requires the offender to attend, for three consecutive days, a drivers' intervention program certified under section 5119.38 of the Revised Code").  Since this was Martin's first OVI offense, the trial court ordered Martin to complete the three-day drivers' intervention program prior to her sentencing hearing.

{¶ 5} Sixth months later, on October 20, 2015, Martin appeared at court for sentencing without having completed the three-day drivers' intervention program.  In light of this failure, the trial court imposed a $375 fine and a one-year driver's license suspension.  The trial court also sentenced Martin to three days in jail.  However, after Martin requested her jail term be stayed for two weeks in order to get her affairs in order, the trial court modified Martin's sentence to fifteen days in jail, with twelve of those days to be suspended upon Martin reporting to jail on November 3, 2015.  Therefore, assuming Martin reported to jail on November 3rd, she was only required to serve three days in jail as initially ordered by the court.  In addition, Martin's jail sentence was ordered to run consecutively with a seven-day jail sentence that she received for an unrelated offense in Case No. 2014-CRB-4345.

---

[1]  A first-degree misdemeanor OVI is considered a "petty offense" for which Crim.R. 11(E) applies. *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 13; *State v. Rush*, 2d Dist. Greene No. 2015-CA-54, 2016-Ohio-4895, ¶ 3.

**{¶ 6}** On November 18, 2015, Martin filed a notice of appeal from her conviction and sentence and requested appointment of appellate counsel. Following the appointment of counsel, and multiple motions for an extension of time to file an appellate brief, on October 17, 2016, Martin's appellate counsel filed an *Anders* brief indicating that there were no issues with arguable merit to present on appeal. On October 25, 2016, we notified Martin that her counsel found no meritorious claim for review and granted her 60 days to file a pro se brief assigning any errors. Martin did not file a pro se brief.

## Law and Analysis

**{¶ 7}** Our task in this case is to conduct an independent review of the record as prescribed by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In *Anders* cases, the appellate court must conduct a thorough examination of the proceedings to determine whether the appeal is frivolous, and if it is, the court may "grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. "If we find that any issue presented [f]or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7.

**{¶ 8}** "Anders equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether

a defendant will ultimately prevail on that issue on appeal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

{¶ 9} In conducting our independent review, Martin's appellate counsel has requested that we consider two potential assignments of error. Under the first potential assignment of error, Martin's appellate counsel claims that there was a change in public defenders during Martin's case, which caused her to enter an uniformed guilty plea. According to counsel, Attorney Greg Cox from the Public Defender's Office was originally appointed as Martin's trial attorney, but he passed away during the course of her case and was replaced by another public defender, Attorney Rebekah Sinnott. As a result of this change, Martin's appellate counsel suggests that Martin may have received unclear legal advice, which caused her guilty plea to be less than knowing, intelligent, and voluntary.

{¶ 10} Counsel, however, does not indicate what legal advice was unclear at the time Martin entered her guilty plea. In addition, the record indicates that Attorney Cox was present at the time Martin entered her guilty plea and that he was the attorney who assisted her in negotiating the plea agreement. Accordingly, Martin did not have different attorneys before entering her guilty plea, as Attorney Sinnott did not begin to represent Martin until the sentencing phase of the proceedings.

{¶ 11} Furthermore, for a "petty offense" misdemeanor, such as Martin's OVI offense, the trial court was required only to inform Martin of the effect of her guilty plea, i.e., that her guilty plea was a complete admission of guilt. *State v. Jones*, 116 Ohio

St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 14, ¶ 25; Crim.R. 11(E). *Accord State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 14. Here, the record indicates that, before accepting Martin's guilty plea, the trial court advised Martin that by pleading guilty she was admitting to committing the OVI offense on January 15, 2015. Thereafter, Martin indicated that she understood said effect and proceeded to enter her guilty plea in a knowing and voluntary fashion.

{¶ 12} For the foregoing reasons, Martin's first potential assignment of error lacks arguable merit.

{¶ 13} The second potential assignment of error raised by Martin's appellate counsel does not actually raise an error for our review, but instead suggests that Martin's appeal is moot given that Martin voluntarily satisfied her jail sentence in this case. According to counsel, Martin reported to jail on November 3, 2015, completed her jail sentence on November 13, 2015, and then filed the instant appeal five days later on November 18, 2015.

{¶ 14} " 'Under Ohio law, an appeal from a misdemeanor conviction after the judgment has been voluntarily satisfied is moot unless the defendant shows that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. Unless a defendant files a motion to stay execution of his sentence, the defendant is deemed to have voluntarily served his sentence.' " *State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶ 9, quoting *Lammers v. Caltrider*, 2d Dist. Montgomery No. 21565, 2007-Ohio-1745, ¶ 5.

{¶ 15} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In*

*re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10, citing *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). "For example, a person may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *Id.*, citing *St. Pierre v. United States*, 319 U.S. 41, 43, 63 S.Ct. 910, 87 L.Ed. 1199 (1943). "[A] collateral disability need not have an immediate impact or impairment but may be something that occurs in the future." *Id.* at ¶ 14, citing *Evitts v. Lucey*, 469 U.S. 387, 391, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), fn. 4.

{¶ 16} Pursuant to R.C. 4510.036(C)(7), and as noted by the trial court, Martin's OVI offense resulted in 6 points being assessed against her driving record. The Supreme Court of Ohio held in *In re S.K.J.* that "[t]he imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." *Id.* at syllabus. Therefore, although Martin has voluntarily served her jail sentence, she is subject to a collateral legal disability as a result of six points being assessed against her driving record as required by R.C. 4510.036(C)(7). Accordingly, Martin's appeal is not moot as suggested by appellate counsel.

{¶ 17} In conducting our independent review, we also note that the trial court did not comply with the mandates of R.C. 4511.19(G)(1)(a)(i) when it ordered Martin to attend the three-day drivers' intervention program without first placing her on community control sanctions, but instead delaying her sentencing until after she attended the program. R.C. 4511.19(G)(1)(a)(i) provides, in relevant part, that:

The court may suspend the execution of the three-day jail term under this

division if the court, in lieu of that suspended term*, places the offender under a community control sanction pursuant to section 2929.25 of the Revised Code and requires the offender to attend, for three consecutive days, a drivers' intervention program certified under section 5119.38 of the Revised Code.*

(Emphasis added.)

**{¶ 18}** Nevertheless, the trial court's failure to comply with the specifics of this provision is a frivolous issue, as it amounts to harmless error since Martin failed to attend the drivers' intervention program as ordered, and the trial court ultimately imposed a sentence that fell within the range established by R.C. 4511.19(G)(1)(a)(i)-(iv), i.e., three days in jail, a $375 fine, and a one-year driver's license suspension.

**{¶ 19}** Having conducted an independent review of the record as required by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we agree with Martin's appellate counsel that there are no non-frivolous issues with arguable merit to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

Marc Ross
Samantha Berkhofer
Stephanie Martin
Hon. Thomas E. Trempe