**[Cite as *State v. Leifheit*, 2020-Ohio-5106.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-78 |
| | : | |
| v. | : | Trial Court Case No. 2017-TRC-3984 |
| | : | |
| MICHAEL J. LEIFHEIT | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2020.

. . . . . . . . . . .

MATTHEW B. DIBARTOLA, Atty. Reg. No. 0088702, Assistant Prosecuting Attorney, Clark County Municipal Court, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JEFFREY D. SLYMAN, Atty. Reg. No. 0010098, 211 Kenbrook Drive, Suite 5, Vandalia, Ohio 45377
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Michael J. Leifheit, appeals from a judgment of the Clark County Municipal Court denying his motion to withdraw guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On May 12, 2017, Leifheit pled guilty to operating a vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a). After accepting Leifheit's guilty plea, the trial court issued an entry granting Leifheit limited driving privileges from May 16, 2017 through July 23, 2017. The entry stated that Leifheit was only permitted to drive for work-related purposes, and that he could "operate ONLY his personal vehicle, as his CDL [commercial driver's license] remains suspended."

{¶ 3} On June 20, 2017, the matter proceeded to a sentencing hearing. During the sentencing hearing, the trial court ordered Leifheit to pay a fine of $375 and court costs. The trial court also ordered Leifheit to serve 13 days in jail, with ten days suspended, and three days credited for Leifheit's completing a three-day intervention program. The trial court also suspended Leifheit's operator's license for one year.

{¶ 4} Two days after sentencing, the trial court issued a second entry granting Leifheit limited driving privileges from June 22, 2017 to October 16, 2017. Like the first entry, the second entry only permitted Leifheit to drive for work-related purposes. The second entry, however, did not make any reference to Leifheit's CDL suspension.

{¶ 5} Approximately two years later, on May 31, 2019, Leifheit filed a letter he wrote to the trial court regarding his CDL. In the letter, Leifheit advised the trial court that he had recently attempted to renew his CDL at the Bureau of Motor Vehicles ("BMV"),

but was prohibited from doing so due to his OVI conviction. Because a CDL was necessary for his employment, Leifheit requested the trial court to "drop [his OVI] to a lesser charge" so that he could renew his CDL. Letter (May 31, 2019). Shortly thereafter, on June 3, 2019, Leifheit filed a second letter in which he asked the trial court to issue an order to renew his CDL.

{¶ 6} The trial court treated Leifheit's letters as a motion to renew his operator's license and CDL. Following a hearing on the matter, on June 24, 2019, the trial court issued an order permitting Leifheit to renew his operator's license. However, with regard to Leifheit's CDL, the trial court found that Leifheit "has an indefinite suspension regarding his CDL and that said disqualification shall remain even while [Leifheit] is renewing said operator's license."

{¶ 7} After the trial court declined to issue an order to renew Leifheit's CDL, on August 12, 2019, Leifheit filed a motion to withdraw his guilty plea. In support of his motion, Leifheit argued that he did not knowingly, intelligently, and voluntarily plead guilty to the 2017 OVI offense because at the time he entered his plea, he was unaware that an OVI conviction could cause his CDL to be suspended indefinitely. Leifheit argued that the trial court should have notified him of the adverse effect his guilty plea could have on his CDL by giving the following admonishment at the plea hearing:

> For those of you that have a commercial driver's license, convictions of certain offenses may have an adverse effect on your ability to maintain your commercial driver's license—even if you were not in a commercial vehicle at the time of the incident. Before you enter a plea you may wish to seek legal advice as to the consequences of a conviction on your

commercial driver's license.

Motion to Withdraw Guilty Plea – Exhibit B.

**{¶ 8}** Leifheit also argued that his plea was not knowingly, intelligently, and voluntarily entered due to his trial counsel's providing ineffective assistance. Specifically, Leifheit claimed that his trial counsel failed to advise him of the adverse effects his guilty plea could have on his ability to maintain his CDL. Leifheit claimed this failure prejudiced him since his CDL was suspended indefinitely and was required for his employment.

**{¶ 9}** Leifheit offered no sworn testimony, affidavits, or other evidence in support of the claims in his motion. Instead, Leifheit simply attached a February 2019 notice from the BMV advising that his CDL was expiring on May 31, 2019, and a copy of the judicial admonishment that Leifheit claimed the trial court should have given at his plea hearing. *See* Motion to Withdraw Guilty Plea- Exhibits A and B.

**{¶ 10}** On October 23, 2019, the trial court held a hearing on Leifheit's motion to withdraw guilty plea. During the hearing, the trial court confirmed that Leifheit had two prior OVI convictions, one from 2005 and one from 2011. Leifheit advised the trial court that he only recalled the 2011 conviction, but that he had no reason to doubt the court's records indicating that he was also convicted in 2005. Although Leifheit told the trial court that he had no idea his prior OVI convictions would impact his CDL, Leifheit's trial counsel later clarified that there was "no question that [Leifheit] knew that there was an impact on his CDL license." Motion Hearing Tr. (Oct. 23, 2019), p. 7. Rather, Leifheit's counsel explained that it was not until Leifheit received the trial court's June 24, 2019 entry denying the motion to renew his CDL that Leifheit became aware of the indefinite

suspension on his CDL. Therefore, Leifheit, through his counsel, claimed that he should be able to withdraw his guilty plea because, prior to his plea, neither the trial court nor his previous trial counsel had advised him that his CDL could be subject to an indefinite suspension as a result of his OVI conviction.

{¶ 11} Following the hearing, the trial court denied Leifheit's motion to withdraw guilty plea. In so holding, the trial court found that Leifheit was not credible based on the statements he made regarding his prior OVI convictions. The trial court also found that Leifheit's claim regarding his prior counsel's failure to advise him of the possibility that his CDL could be indefinitely suspended was insufficient by itself to demonstrate ineffective assistance of counsel.

{¶ 12} With regard to the judicial admonishment, the trial court found that even if it had given the admonishment attached to Leifheit's motion, it would not have cured Leifheit's complaint since the admonishment did not provide notice of an indefinite CDL suspension. Lastly, the trial court found that Leifheit failed to explain the 27-month delay in filing the motion to withdraw his guilty plea, and that this undue delay mitigated against granting the motion.

{¶ 13} Leifheit now appeals from the trial court's order denying his motion to withdraw guilty plea, raising a single assignment of error for review.

**Assignment of Error**

{¶ 14} Under his assignment of error, Leifheit contends that the trial court erred in denying his motion to withdraw guilty plea because he did not knowingly, intelligently, and voluntarily plead guilty to the OVI offense at issue. Leifheit claims that his guilty plea

was not knowing, intelligent, and voluntary because neither the trial court nor his trial counsel advised him that the resulting conviction could adversely affect his ability to maintain his CDL. Leifheit asserts that he never would have pled guilty if he had known that an indefinite suspension of his CDL was possible. According to Leifheit, the resulting indefinite suspension of his CDL prejudiced him because maintaining a CDL was necessary for his employment. For these reasons, Leifheit believes his plea and sentence should be vacated. We disagree.

### Crim.R. 32.1 – Standard of Review

{¶ 15} Under Crim.R. 32.1, a trial court may "permit a defendant to withdraw a guilty plea after imposition of sentence only to correct a manifest injustice." *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16; Crim.R. 32.1. (Other citations omitted.) " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Therefore, "[w]ithdrawal of a plea after sentencing is permitted only in the most extraordinary cases." *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 13, citing *State v. Jefferson,* 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 16} "[A] defendant ordinarily may establish a manifest injustice within the context of Crim.R. 32.1 by showing that he did not enter the guilty plea in a knowing,

intelligent, or voluntary manner." *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 18, citing *State v. Fry*, 7th Dist. Mahoning No. 12 MA 156, 2013-Ohio-5865, ¶ 12 ("A guilty plea that was not entered knowingly, intelligently, or voluntarily, creates a manifest injustice that would entitle a defendant to withdraw a guilty plea."); *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13 ("If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void."); *State v. Hall*, 4th Dist. Jackson No. 99CA847, 2000 WL 245492, *2 (Feb. 25, 2000) ("A trial court violates a defendant's due process rights, and hence may produce a manifest injustice, if it accepts a guilty plea that the defendant did not enter knowingly, intelligently, and voluntarily.").

{¶ 17} " 'A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court.' " *State v. Hawke*, 2d Dist. Greene Nos. 2019-CA-24 and 2019-CA-25, 2020-Ohio-511, ¶ 14, quoting *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996, ¶ 9 (8th Dist.), citing *Smith* at paragraph two of the syllabus. " 'Consequently, an appellate court's review of a trial court's denial of a post[-]sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion.' " (Citations omitted.) *Id.*, quoting *Yapp* at ¶ 9. An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*Trial Court Advisement at Plea Hearing*

**{¶ 18}** In an attempt to establish manifest injustice, Leifheit first argues that his guilty plea to the OVI offense at issue was less than knowing, intelligent, and voluntary because the trial court failed to advise him at the plea hearing that the resulting OVI conviction could adversely affect his ability to maintain a CDL. According to Leifheit, such notification was necessary for purposes of advising him of the effect of his guilty plea as required by Traf.R. 10(D) and Crim.R. 11(E). We find no merit to Leifheit's claim.

**{¶ 19}** Traf.R. 10 governs pleas in traffic cases and section (D) of that rule provides the following:

> In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

Traf.R. 10(D). *See also* Crim.R. 11(E).

**{¶ 20}** Pursuant to Traf.R. 10(D), the trial court is only required to inform the defendant of the effect of his guilty plea before accepting it. *State v. MacConnell*, 2d Dist. Montgomery No. 21109, 2006-Ohio-1973, ¶ 10. "The Supreme Court of Ohio has clarified that a trial court need only advise a defendant of the information contained in Traf.R. 10(B) to satisfy Traf.R. 10(D)'s requirement of 'informing the defendant of the effect of the plea.'" *State v. Clark*, 2d Dist. Greene No. 2007-CA-33, 2008-Ohio-1977, ¶ 25, quoting *State v. Darden*, 2d Dist. Greene No. 2005-CA-109, 2006-Ohio-2908, ¶ 16, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 28.

{¶ 21} Traf.R. 10(B)(1) defines the effect of a guilty plea as being "a complete admission of the defendant's guilt." *See also* Crim.R. 11(B)(1). Accordingly, when informing a defendant of the effect of his guilty plea to a misdemeanor, petty offense, the trial court is only required to advise the defendant that a guilty plea is a complete admission of guilt. *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 14; *State v. Rush*, 2d Dist. Greene No. 2015-CA-54, 2016-Ohio-4895, ¶ 3; *State v. Martin*, 2d Dist. Clark No. 2015-CA-107, 2017-Ohio-763, ¶ 11. "The trial court is not required to advise a defendant of every conceivable consequence of his plea." *State v. Rice*, 5th Dist. Stark No. 2013CA00197, 2014-Ohio-3487, ¶ 20.

{¶ 22} In this case, it is undisputed that Leifheit's OVI was a misdemeanor, petty offense. *See* Traf.R. 2(D); R.C. 4511.19(G)(1)(b); *Faulkner* at ¶ 13-14. Therefore, when accepting Leifheit's guilty plea, the trial court was only required to advise Leifheit that his guilty plea was a complete admission of his guilt. Leifheit does not argue that the trial court failed to give such an advisement at the plea hearing. Leifheit instead mistakenly claims that the trial court was required to inform him that his guilty plea could adversely affect his ability to maintain a CDL, and more specifically, that it could result in an indefinite suspension of his CDL. Such an advisement, however, was not required by Traf.R. 10(D) or by the analogous provision in Crim.R. 11(E). Accordingly, any failure on the part of the trial court to give such an advisement did not render Leifheit's guilty plea less than knowing, intelligent, and voluntary.

{¶ 23} As a further matter, the record on appeal contains no transcript of the plea hearing. "It is well-established that 'an appellate court cannot determine whether manifest injustice occurred at a plea hearing, where the defendant fails to provide a

transcript[.]' " *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 15, quoting *State v. Kerby*, 2d Dist. Clark No. 2009-CA-39, 2010-Ohio-562, ¶ 17. "In the absence of a plea hearing transcript, we must presume the regularity of the proceedings below." *Id.*, citing *State v. Wright*, 2d Dist. Montgomery Nos. 23330, 23403, 23404, and 23521, 2010-Ohio-1899, ¶ 14. Therefore, we must presume that the trial court properly advised Leifheit regarding the effect of his guilty plea to the OVI offense at issue.

{¶ 24} Because there is nothing in the record indicating that the trial court failed to give the required advisement at the plea hearing, we do not find that the trial court engaged in any conduct that rendered Leifheit's guilty plea less than knowing, intelligent, and voluntary. Consequently, we find no manifest injustice in that regard.

*Ineffective Assistance of Counsel*

{¶ 25} Leifheit next contends that his guilty plea was less than knowing, intelligent, and voluntary due to his trial counsel's providing ineffective assistance. Specifically, Leifheit claims that his trial counsel failed to advise him that pleading guilty to the OVI offense at issue could result in an indefinite suspension of his CDL. Leifheit claims that this failure prejudiced him because his CDL was indefinitely suspended following his plea, which caused him to lose his employment. We again find no merit to Leifheit's claim.

{¶ 26} It is well established that "[i]neffective assistance of counsel can provide a basis for seeking a post-sentence withdrawal of a guilty plea." *State v. Griffin*, 2d Dist. Clark No. 2014-CA-123, 2016-Ohio-229, ¶ 15, citing *Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584 at ¶ 17. "When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that

(1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea." *Wilson* at ¶ 17, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 27} In attempting to establish deficient performance on the part of his trial counsel, Leifheit merely provided a bare, unsworn assertion that his trial counsel failed to advise him of the possibility that his CDL could be suspended indefinitely as a result of pleading guilty to the OVI offense at issue. We addressed a similar situation in *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564. In *Laster*, the defendant filed a motion to withdraw a guilty plea, arguing that he was "misled into a plea of guilty upon erroneous advice of counsel." *Id.* at ¶ 8. We explained that, if true, this "would possibly render [defendant's] plea less than knowing and voluntary and, therefore, he would be allowed to change his plea." *Id.* However, because there was nothing in the record supporting the defendant's ineffective assistance claim, we found that the trial court correctly overruled the motion to withdraw. *Id.* In this regard, we stated the following:

> [W]here nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary. An argument grounded on matters outside the record can only be addressed by a post[-]conviction relief motion.

(Citations omitted.) *Id. Accord State v. Armstrong,* 2d Dist. Montgomery No. 27138, 2017-Ohio-474, ¶ 17; *State v. Johnson*, 2d Dist. Champaign No. 2018-CA-27, 2019-Ohio-1259, ¶ 10.

{¶ 28} Here, Leifheit's bare assertion regarding his counsel's advice, or lack thereof, was insufficient to overcome the presumption that his guilty plea was valid. *See Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, at ¶ 16, citing *State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12. Therefore, Leifheit's claim by itself was insufficient to establish a manifest injustice warranting the withdrawal of his guilty plea. Leifheit's claim was also based on matters outside of the record that should have been addressed in a petition for post-conviction relief. *Laster* at ¶ 8. *Accord State v. Goney*, 2d Dist. Greene No. 2017-CA-43, 2018-Ohio-2115, ¶ 61. A " 'manifest injustice,' as is required to withdraw a guilty plea, comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *Laster* at ¶ 8, citing *State v. Wheeler*, 2d Dist. Montgomery No. 18717, 2002 WL 91304, *1 (Jan. 25. 2002). *Accord State v. Redavide*, 2016-Ohio-7804, 73 N.E.3d 1171, ¶ 11 (2d Dist.). "Thus[,] the availability of the post relief conviction route removes claims based on matters outside the record from the form of extraordinary circumstances demonstrating a manifest injustice." *Laster* at ¶ 8; *Goney* at ¶ 61.

{¶ 29} For all the foregoing reasons, we do not find that the trial court abused its discretion in overruling Leifheit's motion to withdraw guilty plea. Accordingly, Leifheit's sole assignment of error is overruled.

## Conclusion

{¶ 30} Having overruled Leifheit's assignment of error, the judgment of the trial

court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Matthew B. DiBartola
Jeffrey D. Slyman
Hon. Denise L. Moody